IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE CLYDE RIVERS, 379750, )<br>                Plaintiff, )<br>)<br>v.                                         )<br>)<br>DET. JONATHAN GRAYBILL, ET AL., )<br>                Defendants. ) | No. 3:06-CV-1128-D<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Detective Jonathan Graybill, Lieutenant Kenneth Seguin, Sergeant F. H. Smith, Chief of Police David Kunkle, Officer John Doe and the Dallas Police Department.

**II. Background**

On October 29, 2003, Plaintiff was arrested for evading arrest and burglary of a building. Plaintiff was charged with taking tools from the building. On October 30, 2003, Sergeant Smith

and Officer John Doe contacted the complainant, Elisa Cedillo, and released the tools to him. Plaintiff argues the tools actually belonged to him.

Additionally, as a result of Plaintiff's arrest, the police impounded his vehicle. Plaintiff's family attempted to obtain Plaintiff's vehicle from the impound lot. Plaintiff states that Detective Graybill placed an investigate hold on the vehicle, and therefore the impound center would not release the vehicle. Plaintiff states his family repeatedly contacted Lieutenant Seguin and Detective Graybill, but Detective Graybill would not release the vehicle.

Approximately two years later, once the appellate court affirmed Plaintiff's conviction and mandate issued in September, 2005, Detective Graybill released the car and informed Plaintiff's family that they had thirty days to pick up the car. Plaintiff states his family was required to pay the towing charges incurred when the car was taken to the lot, and they were required to pay the storage fees incurred during the two-year impoundment. Additionally, Plaintiff's family was not allowed to drive the car off the lot because the registration and insurance had expired. The impound center informed Plaintiff's family that they would need to tow the car off the lot. Plaintiff states, however, that his family did not have enough money to pay the initial towing charges, two years of impound fees, and the towing charges to take the car off the lot. Since Plaintiff's family could not afford to remove the vehicle from the lot, they asked if they could take Plaintiff's personal items from the vehicle. Plaintiff states this request was denied.

Plaintiff argues Defendants violated his constitutional rights by seizing his property and by delaying release of his vehicle.

**Findings and Conclusions of the
United States Magistrate Judge**             Page -2-

**III.  Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV.  Discussion**

**1.      Non-Jural Entity**

Plaintiff names the Dallas County Police Department as a Defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or

**Findings and Conclusions of the**
**United States Magistrate Judge**           Page -3-

department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Beall v. Dallas Police,* No. 3:06-CV-733-D, 2006 WL 1937181 (N.D. Tex. June 19, 2006), *rec. adopted* (N.D. Tex. July 11, 2006) (finding Dallas Police Department is a non-jural entity); *Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). The Dallas Police Department is a non-jural entity and should be dismissed.

**2.     John Doe Defendant**

Plaintiff names a John Doe Defendant. The Court is unable to serve process on this unknown Defendant. This Defendant should therefore be dismissed without prejudice. If Plaintiff is able to identify this Defendant sufficiently for summons to issue, he may amend his complaint, so long as his claims are still within the statute of limitations.

**3.     *Heck v. Humphrey***

Plaintiff claims the tools that were returned to the complaining witness were actually his property. Plaintiff admits, however, that he was convicted of taking these tools. (Magistrate Judge's Questionnaire, Answers 7-9). In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim that the tools were his property is clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (Magistrate Judge's Questionnaire, Answers 7-9). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

### 4. Plaintiff's Vehicle/Personal Property

Plaintiff alleges Defendants Graybill, Seguin and Smith unlawfully held his vehicle until mandate issued on Plaintiff's appeal. He also alleges Defendants would not allow his family to remove personal items from the vehicle. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against these Defendants should proceed and process should be issued as to these Defendants.

### 5. Chief of Police David Kunkle

Plaintiff alleges that Defendant Kunkle failed to properly supervise and train Defendants Smith, Graybill and Seguin. (Magistrate Judge's Questionnaire, Answers 2-4). Supervisory

officials cannot be liable under § 1983 for the actions of their subordinates on any theory of vicarious or *respondeat superior* liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show that the conduct of the supervisor denied his constitutional rights. *Thomkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Where, as here, Plaintiff alleges a failure to train or supervise subordinates, the plaintiff must show: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claim of a failure to train or supervise against this Defendant should proceed and process should be issued as to this Defendant.

**RECOMMENDATION**

The Court hereby recommends that: (1) Plaintiff's claim against Defendant Kunkle for a failure to train or supervise should proceed and process should be issued as to this Defendant; (2) Plaintiff's claims regarding his vehicle and the personal property that remained in the vehicle at the time of its release should proceed and process should be issued as to Defendants Smith, Graybill and Seguin; (3) Plaintiff's claims against the Dallas Police Department should dismissed with prejudice as frivolous; (4) Plaintiff's claims that Defendants unlawfully gave Plaintiff's personal property to complainant Elisa Cedillo should be dismissed with prejudice until the *Heck v. Humphrey* conditions are met; (5) Plaintiff's claims against Officer John Doe

should be dismissed without prejudice.

Signed this 16th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**             Page -7-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -8-