IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE CLYDE RIVERS, #379750, Plaintiff, | § § § § | |
| v. | § § | No. 3:06-CV-1128-D ECF |
| DET. JOHN GRAYBILL, et al., Defendants. | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, an inmate in the Texas Department of Criminal Justice Institutions Division, brings this action pursuant to 42 U.S.C. § 1983 against, David Kunkle ("Kunkle"), Chief of Police for the City of Dallas, Texas, and Dallas Police Officers Jonathan Graybill ("Graybill"), Kenneth Seguin ("Seguin"), and Finnis H. Smith ("Smith"). Plaintiff sues for deprivation of property without due process of law. Pursuant to 28 U.S.C. § 636(b) and a December 3, 2007 Order of Reference, Smith's October 15, 2007 motion for summary judgment is before the Court for recommendation. On November 29, 2007, Plaintiff filed a Declaration in Opposition to Defendants' motions for summary judgment.[1] Defendants filed a Reply on December 14, 2007. This Court has considered the parties' submissions and the record.

**Summary Judgment**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts

---

[1] Kunkle, Smith, and Seguin have moved for summary judgment. Plaintiff filed one response to the motions.

will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little,* 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgement is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.

### **Plaintiff's Claim that his Tools and Personal Property Were Taken Without Due Process of Law**

Plaintiff contends that his tools and "personal property" were taken without due process of law from his truck that the police impounded. Plaintiff failed to identify what he means by "personal property." He argues that the "theft of Plaintiff's property was committed by Mr. Elias

2

Cedillo, Sgt. F.H. Smith, Lt. Kenneth Sequin, and Det. Jonathan Graybill." To the extent that Plaintiff seems to be claiming ownership of the tools that were found in his truck, this Court has already determined that his claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486- 87 (1994). (Ord. of Nov. 13, 2006, doc. 10.) A jury convicted Plaintiff of burglary of a building and of evading arrest while using a motor vehicle. Mr. Elias Cedillo is an employee of Mr. Harold Thompson, the owner of a building which Plaintiff was convicted of burglarizing. As previously stated, Smith, Sequin, and Graybill are police officers for the City of Dallas. Plaintiff appealed the burglary conviction on the ground that the evidence was factually insufficient to support the verdict. *Rivers v. Texas*, No. 05-04-01631-CR (Tex. Ct. App.– Dallas June 7, 2005). The Fifth Court of Appeals judicially determined that during the burglary, Plaintiff stole the tools and other property that he now claims the police took away from him without due process of law. *Rivers*, No. 05-04-01631-CR. Plaintiff argued to the appellate court that the evidence was factually insufficient to support the burglary conviction, suggesting that he could have found the tools in question outside the building after someone else had removed them from the building. *Id*. The appellate court noted that "Cedillo testified that he locked the building and gates to the site before leaving the premises. Cedillo also testified that tools and supplies found in the back of [Plaintiff's] truck were inside the building when Cedillo left the premises that day. The officers saw a pallet against the fence on the north side of the building and [Plaintiff's] truck was next to the pallet." *Id*. The appellate court found that "[a]fter appellant was arrested, officers found tools and supplies from the hotel's site in the back of his truck." *Id*.

The District Court issued an order adopting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and specifically held that "[P]laintiff's claims that Defendants

3

unlawfully gave plaintiff's personal property to complainant Elisa Cedillo are dismissed with prejudice until the *Heck v. Humphrey* conditions are met." (Ord. of Nov. 13, 2006, doc. 10.) Plaintiff's attempt to revive these claims by his declaration in response to Defendant's motion for summary judgment is without merit. These claims are not cognizable under 42 U.S.C. § 1983. Plaintiff's burglary conviction established conclusively that the tools and other property which were found in his truck were stolen property. *Rivers*, No. 05-04-01631-CR. Plaintiff has not shown that his burglary conviction was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a writ of habeas corpus by a federal court. *See Heck* at 486-87; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000). His claims about "personal property" lack an evidentiary basis and fail to raise a genuine issue of material fact. Accordingly, Smith's Motion for Summary Judgment should be granted with respect to Plaintiff's claim that Smith deprived him of tools and other property without due process of law.

### **Plaintiff's Claim that his Truck was Taken Without Due Process of Law**

Taking the facts most favorably to Plaintiff, the Court will now outline the facts with respect to Plaintiff's claim that Smith took his truck without due process of law.[2] Plaintiff was arrested on October 29, 2003, for burglary of a building and evading arrest. On October 30, 2003, Plaintiff's 1983 pick-up truck (Texas license plate number 7HW-F82) was towed from the scene of the arrest, 1300 Slocum Street, Dallas, Texas, by Ron's Towing Service. The truck was impounded at the Dallas Auto Pound at approximately 12:18 A.M. An inventory of items from the truck was

---

[2] "By outlining this factual scenario the court does not make a determination that the alleged conduct occurred. Rather, it concludes that there is evidence in the record that [is] interpreted in the light most favorable to the [non-movant.]." *Castillo v. City of Weslaco*, 369 F.3d 504, 506-07 (5th Cir. 2004).

4

completed. On October 30, 2003, Smith investigated a burglary at 2325 Stemmons Freeway. At that address, the former Wilson World Hotel was under construction. The arresting officer had left a report stating that some tools and equipment were found in Plaintiff's truck and officers should follow-up on a possible burglary at the site. Smith and Officer Lizette Rettig ("Rettig") went to the location and spoke with Harold Thompson (the building owner), Mr. Elias Cedillo (Thompson's employee), and some subcontractors who were working at the construction site. Smith and Rettig discovered that construction tools and other work items were stored inside the building at night; that one of the rear glass doors to the building had been smashed; and that several construction tools and other items had been stolen. The items included a fiberglass ladder, a PC case, a cordless drill, a pipe bender, electrical wire, a circular saw, a metal heat bender, a shop dry vac, and a cordless phone. Smith contacted Graybill, the detective assigned to the case, and advised him of the status of the investigation. Graybill placed an investigative hold on Plaintiff's truck pending the burglary investigation.

Plaintiff was convicted of burglary of a building and evading arrest on September 24, 2004. The judgment was affirmed on June 7, 2005. According to Plaintiff, his family and friends tried on several occasions to retrieve the truck, but Graybill refused to release the hold even though Plaintiff's family took proof of ownership and all the paperwork for the truck to the pound. On September 1, 2005, Seguin received a letter from Plaintiff, dated August 29, 2005, inquiring about the status and location of his truck. On September 4, 2005, Seguin wrote Plaintiff that the truck was at the Dallas Auto Pound and that Graybill had placed a hold on it. Seguin received a second letter from Plaintiff, dated September 14, 2005, stating that he intended to sue. Plaintiff filed this suit on June 26, 2006. Graybill did not release the hold on the truck until it had been impounded for

twenty-three months.

## Analysis

Smith seeks summary judgment on the ground of qualified immunity. Government officials who perform discretionary functions are entitled to the defense of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields them from suit as well as from liability for civil damages, provided their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. Police officers are entitled to assert the defense of qualified immunity for all acts and omissions that occur in the course of their official duties. *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). The court must first decide whether Plaintiff has stated a claim that Smith violated his civil rights. *See White v. Taylor*, 959 F.2d 539, 545 n.4 (5th Cir. 1992) (Fitzwater, J.) (noting that court must examine whether plaintiff has stated claim for a constitutional violation before reaching issue of qualified immunity).

Plaintiff's only claim against Smith arises from Smith's investigation of the burglary and the disposition of the tools and other property that were found in Plaintiff's truck. Smith has pointed to an absence of evidence in the summary judgment record that a genuine issue of material fact exists with respect to Smith's violation of Plaintiff's constitutional rights by taking his truck without due process of law. Plaintiff failed to point to any evidence in the summary judgment record that Smith was involved in the taking of his truck without due process of law. Accordingly, the Court need not engage in the qualified immunity analysis. Smith is entitled to judgment as a matter of law.

**RECOMMENDATION**

The Court recommends that Smith's motion for summary judgment, filed October 15, 2007, be **GRANTED** and that Smith be granted judgment as a matter of law.

Signed this 2nd day of January, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of this Report and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to this Report and Recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify the part of the Report and Recommendation to which objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).