IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WAYNE CLYDE RIVERS,                §
                                   §
              Plaintiff,           §
                                   § Civil Action No. 3:06-CV-1128-D
VS.                                §
                                   §
DET. JONATHAN GRAYBILL, et al.,    §
                                   §
              Defendants.          §

MEMORANDUM OPINION
AND ORDER

Defendant Jonathan Graybill ("Detective Graybill") moves for summary judgment dismissing plaintiff Wayne Clyde Rivers' ("Rivers'") 42 U.S.C. § 1983-based unreasonable seizure and procedural due process claims that are brought against him in his individual and official capacities. The magistrate judge recommends that the court deny the motion. Following *de novo* review, and for the reasons that follow, the court holds that Rivers' unreasonable seizure claim is barred by limitations. The court also concludes that Rivers has failed to adduce evidence that would permit a reasonable jury to find that, within the limitations period, Detective Graybill acted with more than mere negligence, thus precluding Rivers from recovering under the Fourteenth Amendment for a violation of his procedural due process rights. Finally, the court holds for similar reasons, and absent proof that an official city policy caused the deprivation of Rivers' procedural due process rights, that Rivers cannot recover against Detective Graybill in his official capacity, i.e., against the City

of Dallas ("the City").[1]  Accordingly, the court grants Detective Graybill's motion for summary judgment and dismisses the remainder of this case with prejudice.[2]

I

This is a *pro se* lawsuit brought by Rivers, a Texas inmate, against Detective Graybill.  On October 29, 2003 Dallas Police Department ("DPD") officers arrested Rivers for his involvement in a burglary, after Rivers led them on a high speed car chase. *Rivers v. State*, 2005 WL 1331706, at *1 (Tex. App. June 7, 2005, no pet.).[3]  The officers arresting Rivers impounded the 1983 Chevrolet pickup truck that he was driving.  *Id.*  The next day, Detective Graybill, a DPD detective, placed an investigative hold on the truck.  In the months leading up to Rivers' criminal trial, Rivers

---

[1]A suit against a city official in his official capacity is considered a suit against the city. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).

[2]Rivers originally asserted claims against Detective Graybill, Lieutenant Kenneth Seguin ("Lieutenant Seguin"), Sergeant Finnis H. Smith ("Sergeant Smith"), Dallas Police Department ("DPD") Chief of Police David Kunkle ("Chief Kunkle"), Officer John Doe, and the DPD.  In an order filed November 13, 2006, the court, in relevant part, dismissed Rivers' action against DPD with prejudice as frivolous and dismissed his action against Officer John Doe without prejudice.  In a Fed. R. Civ. P. 54(b) final judgment filed February 28, 2008, the court dismissed Rivers' actions against Lieutenant Seguin, Sergeant Smith, and Chief Kunkle.

[3]The court recounts the evidence in a light favorable to Rivers as the summary judgment nonmovant and draws all reasonable inferences in his favor. *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

sent family members to the pound several times to retrieve his vehicle. On two occasions——November 20, 2003 and in January 2004——Rivers' family members spoke with Detective Graybill. He informed them that he would not release the hold until after Rivers' criminal case was adjudicated, because the vehicle was being held as evidence. On September 24, 2004 Rivers was convicted of evading arrest or detention while using a motor vehicle, and of burglary of a building. *See Rivers*, 2005 WL 1331706, at *1. His convictions were affirmed on appeal on June 7, 2005. *Id.* at *3. On August 29, 2005, while still in custody, Rivers wrote a letter to Lieutenant Kenneth Seguin ("Lieutenant Seguin"), who supervised the Dallas Auto Pound Unit, concerning the whereabouts of his vehicle. A few days later, Lieutenant Seguin responded by letter, apprising Rivers that his truck was still being held at the pound and that Detective Graybill's investigative hold was still in place. Later that month, Rivers sent a letter to both Lieutenant Seguin and Detective Graybill informing them of his intent to sue them for holding his truck.

On September 23, 2005 an attorney for the Dallas City Attorney's Office contacted Detective Graybill inquiring about the hold. This was the first time that Detective Graybill learned that Rivers' criminal cases had been adjudicated. Detective Graybill removed the investigative hold that day and told Rivers that he had 30 days to pick up his vehicle. But because Rivers' family could

not afford to pay the storage fees and to have the truck towed from the pound, Rivers never reclaimed custody of his vehicle.

On June 26, 2006 Rivers filed this lawsuit under 42 U.S.C. § 1983 against Detective Graybill, in his individual and official capacities, and several other defendants. *See supra* note 2. Insofar as pertinent here, he alleged that Detective Graybill unreasonably seized his truck and that Detective Graybill's failure to release the investigative hold for a period of almost two years deprived him of his property, in violation of his procedural due process rights under the Fourteenth Amendment.

Detective Graybill now moves for summary judgment, contending that (1) Rivers' claims are barred by limitations; (2) the summary judgment evidence is insufficient to establish a due process violation; and (3) he is entitled to qualified immunity. Concerning the claims against Detective Graybill in his official capacity—i.e., against the City—he maintains that the evidence is insufficient to establish municipal liability.

The magistrate judge recommends that the court deny the motion. Detective Graybill objects to the recommendation. Because the court is conducting *de novo* review of the magistrate judge's recommendation, and because the court reaches a different result than did the magistrate judge, it will not address Detective Graybill's motion in the context of the magistrate judge's recommendation and Detective Graybill's objections, but will

instead address the motion anew, explaining its reasons for granting Detective Graybill's motion.

II

Because Detective Graybill will not have the burden of proof at trial on Rivers' § 1983 claims, he can meet his summary judgment obligation by pointing the court to the absence of evidence to support them. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Detective Graybill does so, Rivers must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Rivers' failure to produce proof as to any essential element of a claim renders all other facts regarding that claim immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Rivers' favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandatory if Rivers fails to meet his burden. *Little*, 37 F.3d at 1076. Although "[d]istrict courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties," Rivers' *pro se* status does not materially alter his obligations as the summary judgment nonmovant. *Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996) (Fitzwater, J.).

Detective Graybill also asserts two affirmative defenses—statute of limitations and qualified immunity—as grounds for summary judgment. In this respect, the summary judgment burdens are different from the ones that apply where Rivers has the burden of proof at trial. When a party, like Detective Graybill, who will have the burden of proof at trial concerning an affirmative defense seeks summary judgment based on that defense, he "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

III

The court first addresses Detective Graybill's affirmative defense of limitations.

A

"In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts." *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007). In this case, the analogous state-law claims are conversion of personal property and taking or detaining the personal property of another, for which the statute of limitations is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002). Although state law governs the time period of the statute of

limitations, "the date a § 1983 claim accrues is governed by federal, not state law." *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Under federal law, "[t]he limitations period begins to run when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).

B

As to Rivers' unreasonable seizure claim, Rivers was necessarily aware of the seizure of his truck at some point before he sent his family to retrieve the vehicle from the pound on November 19, 2003. Thus Rivers' unreasonable seizure claim accrued no later than November 19, 2003, if not before. Because Detective Graybill has demonstrated beyond peradventure that Rivers did not file suit within two years of becoming aware of the seizure, Rivers' unreasonable seizure claim is time-barred, and Detective Graybill is entitled to summary judgment on that basis.

IV

Because Rivers is precluded by the statute of limitations from challenging the lawfulness of the initial seizure of the Chevrolet truck, his claim that Detective Graybill failed to release the investigative hold on his truck is properly analyzed under the rubric of due process rather than under the Fourth Amendment. *See City of W. Covina v. Perkins*, 525 U.S. 234, 240 (1999) (analyzing

state's retention of property lawfully seized, but for which state no longer had retention right, under Fourteenth Amendment Due Process Clause).

A

To establish that Detective Graybill violated his rights under the Fourteenth Amendment Due Process Clause, Rivers must prove that Detective Graybill's conduct amounted to more than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."). "Not only does the word 'deprive' in the Due Process Clause connote more than a negligent act, but we should not open the federal courts to lawsuits where there has been no affirmative abuse of power." *Id.* at 330 (internal quotation marks omitted). "Upon reflection we . . . overrule [*Parratt v. Taylor*, 451 U.S. 527 (1981),] to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* at 330-31. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The plaintiff's burden of establishing conduct that is more than merely negligent applies to both substantive and procedural due process claims. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

B

The initial hold that Detective Graybill placed on Rivers' truck was certainly an intentional act that deprived Rivers of his property. But as the court has already concluded, *see supra* § III(B), the initial hold was not imposed within the limitations period. Therefore, Rivers cannot prove that Detective Graybill is liable for a Fourteenth Amendment due process violation based on the initial hold. Rivers must instead establish that Detective Graybill committed another, subsequent act—one taken within the limitations period—that amounted to more than mere negligence and that was a legal cause of Rivers' loss of his truck.

Rivers alleges in his complaint two instances of conduct that he appears to rely on to establish Detective Graybill's liability. In November 2003, and sometime in January 2004, Rivers sent family members to talk to Detective Graybill about releasing the hold on the truck. Detective Graybill's affidavit corroborates that these conversations took place and indicates that he made a deliberate decision not to release the hold until the completion of Rivers' criminal proceedings. But according to the allegations of Rivers' complaint, both of these conversations—and Detective Graybill's conscious decisions not to release the hold—occurred outside of the limitations period, i.e., more than two years before Rivers filed suit. Critically, there is no evidence in the summary judgment record indicating that, after the conversations between

Detective Graybill and Rivers' family members took place, Detective Graybill was ever made aware of the investigative hold again until Rivers wrote to Detective Graybill in mid-September 2005. In Rivers' opposition declaration, he avers that sometime after his September 24, 2004 trial, a family member visited *the pound* to pick up the vehicle. But there is no indication from Rivers' declaration that Detective Graybill was ever *personally* aware of these efforts to retrieve the truck. Detective Graybill released the hold on September 23, 2005, the same day that an attorney for the City contacted him about Rivers' truck. In other words, as soon as he learned that the hold was still in place and that the case had been adjudicated, he released the hold.

Moreover, even Rivers' declaration characterizes Detective Graybill's actions as amounting to "negligence." Rivers asserts that Detective Graybill "*forgot* to remove the hold after Plaintiff was convicted[.]" P. Resp. 5 (emphasis added). A reasonable jury could not find that Detective Graybill's mere forgetfulness about placing the hold on the truck amounts to more than mere negligence. Because the summary judgment record is devoid of evidence that would permit a reasonable jury to find that—within the limitations period—Detective Graybill's conduct amounted to more than mere negligence, Rivers cannot recover on his Fourteenth Amendment procedural due process claim, because the word "deprive" in the Due Process Clause connotes more than a negligent act.

V

The court now addresses whether Rivers' claims against Detective Graybill in his official capacity—i.e., against the City itself—must be dismissed.

A

The court holds, for the reasons explained *supra* at § III(B), that Rivers' unreasonable seizure claim is time-barred. This claim is therefore dismissed against the City as well.

B

The court also concludes that Rivers' procedural due process claim against the City must be dismissed.

A municipal entity can be liable under § 1983 when its "official policy is responsible for a deprivation of rights protected by the Constitution[.]" *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).

> To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy of custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) *a constitutional violation occurred;* and 4) the custom or policy served as the moving force behind the violation.

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996) (emphasis added). In Detective Graybill's summary judgment brief, he has pointed, *inter alia*, to the absence of evidence that "a constitutional violation occurred." D. Br. 10. The burden has therefore shifted to Rivers to produce evidence that

would permit a reasonable jury to make this finding.

Rivers premises the City's § 1983 liability for unlawfully retaining his property on Detective Graybill's conduct, albeit under the influence of the City's policies and customs. But as the court has concluded *supra* at § IV(B), the summary judgment record is devoid of evidence that would permit a reasonable jury to find that—within the limitations period—Detective Graybill's conduct amounted to more than mere negligence. Consequently, a reasonable jury could not find that Detective Graybill "deprived" him of his property, as that term is understood under the Fourteenth Amendment, because that concept of deprivation connotes more than a negligent act. And without a deprivation of property, there can be no due process violation. Because Rivers has failed to present adequate summary judgment evidence on the third element of his claim against the City—that a constitutional violation occurred— the City is entitled to summary judgment dismissing this claim.

* * *

For the reasons set out, Detective Graybill's February 19, 2008 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

June 24, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE